■ In the Matter of RALPH BOEHME et al., Respondents, v GREGORY R. TRAINA, Appellant, et al., Respondents. [621 NYS2d 387] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award on the ground that the arbitrator failed to follow the procedures set forth in the statute, Gregory Rizzo Traina appeals from (1) so much of an order of the Supreme Court, Nassau County (Winick, J.), dated June 17, 1993, as granted the petitioners' motion to set aside the arbitration award in favor of the respondents and directed that a new arbitration be held against Gregory Rizzo Traina, Chester James Padgett, and Stuart Warren Graff, and (2) an order of the same court dated September 22, 1993, which, upon reargument, modified the order dated June 17, 1993, by granting the motion only with respect to Gregory Rizzo Traina.

Ordered that the appeal from the order dated June 17, 1993, is dismissed, as that order was superseded by the order dated September 22, 1993, made upon reargument; and it is further,

Ordered that the order dated September 22, 1993, is reversed, on the law, the order dated June 17, 1993, is vacated,

the motion is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioners filed a claim with the National Association of Securities Dealers, alleging that the respondents had, *inter alia*, "engaged in excessive transactions to generate income for themselves". After an arbitration hearing on the claim was conducted, the arbitrator ordered the dismissal of the claims against each of the respondents. The petitioners thereafter moved to vacate the award pursuant to CPLR 7511 on the ground that they had been deprived of their right to cross-examine the respondent Gregory Rizzo Traina pursuant to CPLR 7506 (c). The petitioners contended that upon his examination by the petitioners on their direct case, Traina was improperly allowed to consult with counsel "after virtually each and every question was put to him". In his answer, Traina maintained that the questions put to him by the petitioners' counsel had made no sense to him and that accordingly, he consulted with his attorney. A supplemental affirmation submitted by the petitioners' counsel revealed that the court reporter the petitioners' counsel had retained to transcribe the tape recording of the hearing had found the recording to be inaudible and that accordingly, a transcript could not be made.

By order dated June 17, 1993, the Supreme Court vacated the award and directed a new hearing against all three respondents.

Upon reargument, the Supreme Court took cognizance that the case had already been dismissed against the other two respondents, and vacated the award and directed that a new arbitration proceed against Traina only.

Even assuming arguendo that the factual assertions raised by the petitioners were accurate, we conclude that they have failed to establish by clear and convincing evidence that the arbitration award should be vacated *(see generally, Matter of Goldfinger v Lisker,* 68 NY2d 225). An arbitrator's conduct is not governed by the substantive or evidentiary rules which commonly prevail in courts of law and he has wide latitude to control the cross-examination of a witness *(see, Medivix, Inc. v Shnayer,* 160 AD2d 911). Moreover, in this case, the petitioners failed to establish that the consultations between Traina and his counsel constituted an improper attempt to circumvent the purpose of cross-examination.

Finally, *Matter of Goldfinger v Lisker* (68 NY2d 225, *supra),*

the case upon which the petitioners primarily rely, is inapposite. There, the vacatur of the arbitrator's award was based on the occurrence of a private communication between the arbitrator and one party, which took place without the consent of the other party. Sullivan, J. P., Rosenblatt and Altman, JJ., concur.

Friedmann, J., dissents and votes to affirm, with the following memorandum: I respectfully dissent, and would affirm the order of the Supreme Court, Nassau County.

It is undisputed, as the Supreme Court found, that the respondent Gregory Rizzo Traina was allowed to consult with his attorney before answering virtually every question posed to him on cross-examination. This was in clear violation of the petitioners' right to cross-examine the respondent with respect to his handling of their investments—the very crux of the petitioners' case *(see,* CPLR 7506 [c]; *Matter of Goldfinger v Lisker,* 68 NY2d 225, 231).

In addition, despite the requirement of section 37 of the National Association of Security Dealers Rules (hereinafter NASD Rules) that all arbitration hearings be taped or stenographically recorded, a court reporter submitted an affidavit attesting to her inability to transcribe the tapes of the instant proceedings because they were inaudible. As the petitioners cannot be held responsible for producing the "verbatim record" required by NASD Rules section 37, they should not be penalized when, despite the presence at the hearing of an apparently operative tape recorder, no record of the proceedings was in fact created.

On two grounds, therefore, the instant arbitration proceeding was correctly set aside as unfair to the petitioners because of a failure to follow proper procedures (CPLR 7511 [b] [1] [iv]). As the Court observed in *Matter of Goldfinger v Lisker (supra),* it is "[p]recisely because arbitration awards are subject to such judicial deference [that] it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" *(Matter of Goldfinger v Lisker, supra,* at 230).

I also agree with the petitioners that, in the absence of a hearing record, this Court has no basis upon which to arrive at an informed judgment as to the issues being disputed on this appeal.